Janice B. Grubin
DRINKER BIDDLE & REATH LLP
140 Broadway — 39th Floor
New York, New York 10005-1116
Telephone:    212-248-3140
Facsimile:    212-248-3141

Counsel for John Marciano

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| CHAMPION MOTOR GROUP, INC., | Case No. 8-09-71979 (AST) |
| Debtor. | |

---------------------------------------------------------------X

| | |
|---|---|
| CHAMPION MOTOR GROUP, INC., | |
| Plaintiff, | Adv. Proc. No. 09-08309 |
| - against - | **ANSWER** |
| JOHN MARCIANO, | |
| Defendant. | **JURY TRIAL DEMAND** |

---------------------------------------------------------------X

John Marciano ("Defendant"), by his undersigned attorneys, hereby answers and responds to the complaint, dated July 30, 2009 ("Complaint") of Champion Motor Group, Inc., ("Plaintiff") in the above-captioned adversary proceeding, as follows:

1.    Admits the allegations set forth in paragraph 1, except denies any liability or wrongdoing whatsoever, respectfully refers all questions of law to the Court, denies the

allegations to the extent they conflict with law, and specifically denies that any avoidable transfer took place.

2. Admits the allegations set forth in paragraph 2, except denies any liability or wrongdoing whatsoever, respectfully refers all questions of law to the Court, denies the allegations to the extent they conflict with law, and specifically denies that any avoidable transfer took place.

3. Admits the allegations set forth in paragraph 3, except denies any liability or wrongdoing whatsoever, respectfully refers all questions of law to the Court, denies the allegations to the extent they conflict with law, and specifically denies that any avoidable transfer took place.

4. Admits the allegations set forth in paragraph 4, except denies any liability or wrongdoing whatsoever, respectfully refers all questions of law to the Court, denies the allegations to the extent they conflict with law, and specifically denies that any avoidable transfer took place.

5. Admits the allegations set forth in paragraph 5, except denies any liability or wrongdoing whatsoever, respectfully refers all questions of law to the Court, denies the allegations to the extent they conflict with law, and specifically denies that any avoidable transfer took place

6. Admits the allegations set forth in paragraph 6, except denies any liability or wrongdoing whatsoever, respectfully refers all questions of law to the Court, denies the allegations to the extent they conflict with law, and specifically denies that any avoidable transfer took place.

7. In response to the allegations set forth in paragraph 7, Defendant avers that he is currently incarcerated in Fort Dix, New Jersey, and respectfully refers any questions of law to the Court concerning the status and effect of his incarceration on his residence.

8. Admits the allegations set forth in paragraph 8.

9. Admits the allegations set forth in paragraph 9.

10. Admits the allegations set forth in paragraph 10.

11. Denies the allegations set forth in paragraph 11, except admits that the sum of $1,955,308.22 was delivered to the Escrow Agent on or about January 18, 2008, pursuant to an arms' length settlement reached on or about December 20, 2007, and further states that said sum was subsequently released in accordance with the terms and conditions of a series of security and closing documents, the terms and contents of which are incorporated herein by reference.

12. Denies the allegations set forth in paragraph 12.

13. Denies the allegations set forth in paragraph 13.

14. In response to the allegations repeated and realleged in paragraph 14, Defendant repeats and realleges his previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

15. Denies the allegations set forth in paragraph 15.

16. Denies the allegations set forth in paragraph 16.

17. Denies the allegations set forth in paragraph 17.

18. Denies the allegations set forth in paragraph 18.

19. In response to the allegations repeated and realleged in paragraph 19, Defendant repeats and realleges his previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

20. Denies the allegations set forth in paragraph 20.

21. Denies the allegations set forth in paragraph 21.

22. Denies the allegations set forth in paragraph 22.

23. Denies the allegations set forth in paragraph 23.

24. Denies the allegations set forth in paragraph 24.

25. In response to the allegations repeated and realleged in paragraph 25, Defendant repeats and realleges his previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

26. Denies the allegations set forth in paragraph 26.

27. Denies the allegations set forth in paragraph 27.

28. Denies the allegations set forth in paragraph 28.

29. Denies the allegations set forth in paragraph 29.

30. In response to the allegations repeated and realleged in paragraph 30, Defendant repeats and realleges his previous answers to the preceding paragraphs of the complaint as if fully set forth hereat.

31. Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in paragraph 31 and, therefore, the allegations in paragraph 31 are denied.

32. Denies the allegations set forth in paragraph 32.

33. Denies the allegations set forth in paragraph 33.

34. Denies the allegations set forth in paragraph 34.

35. To the extent that a response to Plaintiff's prayer for relief is required, Defendant denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

36. Defendant generally denies any liability to Plaintiff. In addition, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

38. Defendant acted at all times in good faith.

### THIRD AFFIRMATIVE DEFENSE

39. The allegations contained in the Complaint fail to satisfy the pleading requirement of Federal Rule of Civil Procedure 9(b).

### FOURTH AFFIRMATIVE DEFENSE

40. The Plaintiff has not established and cannot establish that the Defendant was not a transferee for value, in good faith and without knowledge of the voidability of the transaction in question. The alleged transfer at issue to Defendant was for value, in good faith and without knowledge of the voidability of the transaction in question.

### FIFTH AFFIRMATIVE DEFENSE

41. The Complaint fails to state a claim for fraudulent conveyance in that the alleged transfer in issue was made pursuant to an arms' length settlement of Defendant's claims asserted in Marciano v. Brustein, et al., N.Y. Sup. Ct., Nassau Co., Index No. 06-001264 and Marciano v. Brustein, et al., N.Y. Sup. Ct., Nassau Co., Index No. 07-017879, through independent counsel and a neutral and impartial mediator.

### SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff received reasonably equivalent value and/or fair consideration as a result of the transfer in question.

### SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the doctrine of settlement and release.

### NINTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred for lack of standing.

### TENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred for failure to join necessary and indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

### RESERVATION OF RIGHTS

48. Defendant expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and /or third-party claims as additional facts are obtained through further investigation and discovery.

### JURY DEMAND

49. Defendant hereby demands a trial by jury on any and all issues so triable.

**WHEREFORE**, Defendant demands entry of judgment in his favor dismissing the Complaint with prejudice, awarding Defendant his reasonable attorneys' fees, costs of suit and such other relief as this Court may deem just, appropriate and equitable.

Dated: New York, New York
      August 31, 2009

DRINKER BIDDLE & REATH LLP

By:   /s/ Janice B. Grubin
      Janice B. Grubin, Esquire
      140 Broadway – 39th Floor
      New York, New York 10005-1116
      Telephone:   212-248-3140
      Facsimile:    212-248-3141

Counsel for John Marciano