Janice B. Grubin
DRINKER BIDDLE & REATH LLP
140 Broadway — 39th Floor
New York, New York 10005-1116
Telephone:     212-248-3140
Facsimile:     212-248-3141

Counsel for John Marciano

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                   :

In re:                                :        Chapter 11
                                   :

CHAMPION MOTOR GROUP, INC.,    :        Case No. 8-09-71979 (AST)
                                   :
                                   :

            Debtor.            :
                                   :
------------------------------------------------------------X


## MOTION TO QUASH AND FOR A PROTECTIVE ORDER


**TO THE HONORABLE ALLAN S. TRUST,**
**UNITED STATES BANKRUPTCY JUDGE:**

      John Marciano ("Marciano"), by his undersigned attorneys, hereby moves, pursuant to

Fed. R. Civ. P. 26(c) and 45(c), made applicable by Bankruptcy Rules 7026 and 9016, to quash

and for a protective order concerning the subpoena (Ex. A hereto, the "Subpoena") which the

Debtor recently served on Marciano in connection with his pending motion for the appointment

of a trustee, pursuant to 11 U.S.C. § 1104(a), dated July 30, 2009 (the "Trustee Motion").  In

support thereof, Marciano respectfully states as follows:

## RELIEF SOUGHT

1.     Marciano is a creditor and party-in-interest of Champion Motor Group, Inc. (the "Debtor" or "CMG") and its non-debtor parent and affiliate, Champion Leasing Group, Inc. ("CLG") and B.T. 115 Realty LLC ("B.T."), respectively.

2.     Marciano respectfully moves to quash and for a protective order, because the Subpoena seeks documents and information which are palpably irrelevant to the pending Trustee Motion, and because it would subject Marciano, who is currently incarcerated in a federal correctional facility in New Jersey, to undue burden.  See Fed. R. Civ. P. 45(c)(3)(A); see also Fed. R. Civ. P. 30(a)(2) ("party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person is confined in prison . . .") (emphasis added).

3.     Marciano served a timely Objections and Response to [the] Subpoena.  See Exhibit B hereto.  We anticipate and are prepared to meet and confer with Debtor's counsel regarding the scope of the Debtor's document demands, and accordingly it is premature to seek judicial intervention in connection therewith.  However, since the Subpoena also purports to command Marciano's appearance for a pre-hearing deposition, we are filing the instant motion to quash and for a protective order at this time.  Debtor's counsel has previously represented to the Court that a motion to quash is the appropriate means for this Court to resolve the parties' dispute over whether the Debtor should be entitled to take Marciano's pre-hearing deposition in connection with the Trustee Motion.

**BACKGROUND AND FACTS**

4.      Marciano respectfully refers to, and incorporates herein by reference, the detailed background and facts set forth in the Trustee Motion.  See DE[1] 103, 104, 105, 106 & 112.

5.      As particularized more fully in the Trustee Motion and the papers filed in support thereof, Marciano has moved for the appointment of a chapter 11 trustee, because he contends that: (a) the Debtor's current management – consisting of Gary Brustein ("Brustein") and Michael Todd ("Todd") – has engaged in gross mismanagement and misconduct; (b) Brustein and Todd are laboring under serious and irreconcilable conflicts of interest; and (c) the appointment of a neutral and independent trustee would be in the best interests of the estate and its creditors.  Not surprisingly, the Debtor opposes the appointment of a neutral and independent trustee, and has responded to the Trustee Motion with a litany of claims and allegations about Marciano's supposed motives and alleged bad faith in pursuing the instant Trustee Motion.

6.      However, in reality, the pre-hearing deposition of Marciano is neither warranted, nor reasonably necessary, for Brustein and Todd (and the Debtor) to defend either their <u>own</u> alleged mismanagement and misconduct, or their <u>own</u> alleged conflicts of interest.

7.      In order to better familiarize the Court with the issues which are legitimately subject to this Court's adjudication in connection with the Trustee Motion, we respectfully refer the Court to the Trustee Motion itself, and to the Rule 30(b)(6) Notice which Marciano recently served upon Debtor's counsel (exhibit C hereto).

8.      As demonstrated therein, the entire legitimate focus upon the Trustee Motion is upon the <u>Debtor's</u> alleged conduct, both pre- and post-petition.  In contrast, Marciano's proposed pre-hearing deposition is simply <u>not</u> relevant or necessary for this Court to adjudicate the cause

---
[1] "DE" refers to the Docket Entries in this chapter 11 proceeding.

emanating from either the <u>Debtor's</u> alleged gross mismanagement, or the <u>Debtor's</u> alleged disabling conflicts of interest. Indeed, this Court need only look at the relevant topics of examination and legitimate factual inquiries set forth in the Rule 30(b)(6) Notice (exhibit C) to recognize that <u>none</u> of Marciano's allegations of gross mismanagement and disabling conflicts of interest give rise to the legitimate basis, let alone necessity, to conduct a pre-hearing deposition of Marciano. <u>See</u> <u>generally</u> exhibit C.

9. Moreover, the Debtor's attempt to shift focus away from Brustein and Todd's <u>own</u> alleged mismanagement and conflicts of interest, by attempting to question the alleged motives and bad faith of Marciano in prosecuting the Trustee Motion, is at best misguided. Simply stated, there can be no question that Marciano is one of the single largest creditors of the Debtor, and that he clearly and indisputable possesses standing to file and prosecute a trustee motion. This is especially true where, as here, there is no creditors' committee, and no other creditor is evidently prepared or positioned to do so, either because they are secured and stand in a unique position viz-a-viz the Debtor (e.g., Champion Funding LLC), or because they are otherwise unwilling or unable to devote the resources to prosecute a motion of this type.

## LEGAL AUTHORITY

10. Pursuant to Fed. R. Civ. P. 26(c), made applicable by Bankruptcy Rule 7026, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c).

11. Moreover, pursuant to Fed. R. Civ. P. 45(c), the Court "shall quash or modify [a] subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A); <u>see</u> <u>also</u> Fed. R.

Civ. P. 30(a)(2) ("party <u>must</u> obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), <u>if the person is confined in prison</u> . . .") (emphasis added). Rule 26(b)(2), in turn, provides for reasonable limitations on discovery, and specifically incorporates Rule 26(c). <u>See</u> Fed. R. Civ. P. 26(b)(2) ("The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c)").

12.     As demonstrated above, this Court should exercise its supervisory powers under Rules 26(b)(2), 26(c), 30(a)(2), and 45(c), and should not grant the Debtor leave to conduct the pre-hearing deposition of Marciano. For one, the Subpoena seeks documents and information which are palpably irrelevant to the pending Trustee Motion, including the proposed pre-hearing deposition of Marciano. Alternatively, the proposed pre-hearing deposition of Marciano is of such minimal relevancy at best to the Trustee Motion, that it is substantially outweighed by undue burden and hardship stemming from the fact that Marciano is currently incarcerated outside this District in a federal correctional facility.

13.     In sum, the Debtor should not be granted leave to pursue a burdensome and misguided litigation strategy by attempting to obfuscate and/or delay this Court's <u>prompt</u> and <u>efficient</u> adjudication of the Trustee Motion. <u>See</u> Fed. R. Civ. P. 1 (the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"); <u>accord</u> Bankruptcy Rule 1001 (likewise, the Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding"). The legitimate and lawful focus of the Trustee Motion is upon the Debtor's <u>own</u> alleged mismanagement and conflicts of interest. Accordingly, the Debtor should not be granted leave to conduct Marciano's pre-hearing deposition.

## CERTIFICATION OF GOOD FAITH

14.     In accordance with Fed. R. Civ. P. 26(c), the undersign hereby certifies that she has in good faith conferred or attempted to confer with other affected parties in an effort to resolve this dispute without court action.

## CONCLUSION

15.     For the foregoing reasons, the Subpoena should be quashed or modified to the extent that the Debtor should not be entitled to conduct the pre-hearing deposition of Marciano in connection with the Trustee Motion, and this Court should issue an Order so quashing or modifying the Subpoena, together with such other and further relief as the Court deems just and proper.

16.     Pursuant to Local Court Rules, a proposed Order is respectfully submitted herewith.

Dated: New York, New York
     October 9, 2009

DRINKER BIDDLE & REATH LLP

By: _____/s/_____
    Janice B. Grubin
    140 Broadway - 39th Floor
    New York, New York 10005-1116
    Telephone:    212-248-3140
    Facsimile:    212-248-3141

    Counsel for John Marciano