**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CHAMPION MOTOR GROUP, INC., | Case No. 8-09-71979 (AST) |
| Debtor. | |

## ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 (I) AUTHORIZING SALE OF DEBTOR'S ASSETS PURSUANT TO ASSET PURCHASE AGREEMENT, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion dated December 1, 2009, (the "Sale Motion") of the above-captioned debtor and debtor in possession (the "Debtor" or "Seller") for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to, *inter alia*, (i) enter into that certain Asset Purchase Agreement, dated as of December 1, 2009 (and as may be subsequently amended, supplemented or modified from time, the "Asset Purchase Agreement," copy of which is attached hereto as Exhibit 2 to the Sale Motion),[1] by and between Debtor Champion Motor Group, Inc. and Champion Funding LLC, together with its designee (the "Purchaser"), (ii) sell (the "Sale") substantially all of its assets (the "Acquired Assets") pursuant to the term and conditions of the Asset Purchase Agreement free and clear of any and all liens,

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Asset Purchase Agreement.

claims, encumbrances and other interests ("Liens, Claims, Encumbrances and Interests"), (iii)

assume and assign certain executory contracts and unexpired leases (the "Assigned Contracts")

to the Purchaser; and (iv) granting certain related relief; and this Court having entered an order

dated December 18, 2009 Docket No. 191 (the "Bidding Procedures Order") (i) authorizing and

approving certain bidding procedures (the "Bidding Procedures," a copy of which is attached as

Exhibit A to the Bidding Procedures Order) for the Debtor to consider higher or otherwise better

offers for the Acquired Assets in connection with the Sale, (ii) authorizing the Debtor to conduct

an auction (the "Auction") in connection with the Sale and establishing a date for the Auction

and a hearing to consider the Sale (the "Sale Hearing"), (iii) authorizing and approving the

Debtor's form and manner of notice for the Bidding Procedures and the Auction, (iv) authorizing

and approving certain procedures relating to the assumption and assignment of the Assigned

Contracts, including notice of the Debtor's proposed cure amounts, and (v) granting certain

related relief; and the Court having established the date of the Sale Hearing; and the Court

having jurisdiction to consider the Sale Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Sale Motion, the relief requested

therein, and the responses thereto being a core proceeding in accordance with 28 U.S.C. §

157(b); and the appearance of all interested parties and all responses and objections to the Sale

Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale

Hearing, and all other pleadings and proceedings in this chapter 11 case, including the Sale

Motion; and it appearing that the relief requested in the Sale Motion is in the best interest of the

Debtor, its estate and creditors and all other parties in interest; and after due deliberation and

sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[2]

   A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

   B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

   C. The Court has jurisdiction over this matter and over the property of the Debtor, including the Acquired Assets to be sold, transferred or conveyed pursuant to the Asset Purchase Agreement, and its estate pursuant to 28 U.S.C.§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

   D. The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are sections 102, 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

   E. On March 26, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has continued in possession and management of its business and property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   F. As evidenced by the affidavits of service and publication filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion, Bidding Procedures, Auction and Sale Hearing have been provided in accordance with sections 102(1) and 363(b) of

---

[2] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale

the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") and the procedural due process requirements of the United States Constitution and in compliance with the Bidding Procedures Order. The Debtor also gave due and proper notice of the assumption, sale and assignment of each Assigned Contract to each non-Debtor party under each such Assigned Contract. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Motion, Bidding Procedures, Auction, Sale Hearing and assumption and assignment of the Assigned Contracts, or of the entry of this Order, is necessary or shall be required.

G. A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to all interested persons and entities, including, without limitation: (a) the Office of the United States Trustee for the Eastern District of New York; (b) counsel to the Debtor's senior secured lender; (d) counsel to Bentley Motors, Inc. (d) the parties included on the Debtor's consolidated list of twenty (20) creditors holding the largest unsecured claims; (e) any party which, to the best of the Debtor's knowledge, information and belief, has, on or after January 1, 2008, expressed in writing to the Debtor an interest in buying its business and which the Debtor and its representatives reasonably and in good faith determined potentially have the financial wherewithal to effectuate the transactions contemplated by the Sale Motion; (f) all parties which, to the best of the Debtor's knowledge, information and belief, have asserted a lien or security interest against any of the Acquired Assets; (g) all taxing authorities or recording offices which have a reasonably known interest in relief requested in the Sale Motion; (h) the Office of the United States Trustee; (i) all non-Debtor parties to the Assigned Contracts

Motion are hereby incorporated herein to the extent not inconsistent herewith.

and the Debtor's other executory contracts (the "Non-Assigned Contracts"); and (j) all parties requesting notice pursuant to Local Rule 2002-1(d); and Other parties interested in bidding on the Acquired Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Acquired Assets.

       H.     The Acquired Assets are property of the Debtor's estate and title thereto is vested in the Debtor's estate.

       I.     The Debtor has demonstrated a sufficient basis requiring it to enter into the Asset Purchase Agreement, sell the Acquired Assets and assume and assign the Assigned Contracts under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and in the best interest of the Debtor, its estate and creditors.

       J.     The Bidding Procedures set forth in the Bidding Procedures Order were non-collusive, substantively and procedurally fair to all parties and were the result of arms' length negotiations between the Debtor and the Purchaser.

       K.     The Debtor and its professionals have complied, in good faith, in all respects with the Bidding Procedures Order.  As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and the sale process conducted in accordance with the Bidding Procedures Order, the Debtor (a) afforded all parties (collectively, the "Potential Purchasers") interested in purchasing the Acquired Assets a full, fair and reasonable opportunity to qualify as bidders in accordance with the terms and conditions of the Bidding Procedures and submit their highest or otherwise best offer to purchase the Acquired Assets, and (b) provided Potential Purchasers, upon request, sufficient information to enable

them to make an informed judgment on whether to bid on the Acquired Assets. The Bidding Procedures obtained the highest and otherwise best value for the Acquired Assets for the Debtor and its estate.

L.     The offer of the Purchaser, upon the terms and conditions set forth in the Asset Purchase Agreement, including the form and total consideration to be realized by the Debtor pursuant to such agreement, (i) is the highest and best offer received by the Debtor, (ii) is fair and reasonable, (iii) is in the best interest of the Debtor, its creditors and estate, (iv) constitutes full and adequate consideration and reasonably equivalent value for the Acquired Assets, and (v) will provide a greater recovery for the Debtor's estate and creditors and other interested parties than would be provided by any other practically available alternative.

M.     The Purchaser is a "good faith" buyer, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to all of the Acquired Assets. The Asset Purchase Agreement was negotiated and entered into in good faith, based upon arms' length bargaining, and without collusion or fraud of any kind. Neither the Debtor nor the Purchaser have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. The Purchaser is entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

N.     The Debtor has full corporate power and authority to execute the Asset Purchase Agreement and all other documents contemplated thereby, and the sale of the Acquired Assets has been duly and validly authorized by all necessary corporate authority for the Debtor to consummate the transactions contemplated by the Asset Purchase Agreement. No consents or

approvals, other than as may be expressly provided for in the Asset Purchase Agreement, are required by the Debtor to consummate such transactions.

O.      The Debtor has advanced sound business reasons for seeking to enter into the Asset Purchase Agreement and to sell and/or assume and assign the Acquired Assets, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtor's business judgment to sell the Acquired Assets and to consummate the transactions contemplated by the Asset Purchase Agreement.  Notwithstanding any requirement for approval or consent by any person, the transfer of the Acquired Assets to the Purchaser and the assumption and assignment of the Assigned Contracts is a legal, valid and effective transfer of the Acquired Assets and any Assigned Contracts.

P.      The terms and conditions of the Asset Purchase Agreement, including the consideration to be realized by the Debtor pursuant to the agreement, are fair and reasonable, and the transactions contemplated by the Asset Purchase Agreement are in the best interest of the Debtor's estate, and satisfy applicable law.

Q.      Except as otherwise provided in the Asset Purchase Agreement, the Acquired Assets shall be sold free and clear of all Liens, Claims, Encumbrances and Interests.

R.      The transfer of the Acquired Assets to the Purchaser will be a legal, valid and effective transfer of the Acquired Assets, and, except as may otherwise be provided in the Asset Purchase Agreement, shall vest the Purchaser with all right, title and interest of the Debtor to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances and Interests. Except as specifically provided in the Asset Purchase Agreement or this Order, the Purchaser shall not assume or become liable for any Liens, Claims, Encumbrances and Interests relating to the Acquired Assets being sold by the Debtor.

S.     The transfer of the Acquired Assets to the Purchaser free and clear of all Liens, Claims, Encumbrances and Interests will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances and Interests, as all such Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever shall attach to the net proceeds of the sale of the Acquired Assets received by the Debtor in the order of their priority, with the same validity, force and effect which such Liens, Claims, Encumbrances and Interests now have as against the Acquired Assets and subject to any claims and defenses the Debtor or other parties may possess with respect thereto.  All persons having Liens, Claims, Encumbrances or Interests of any kind or nature whatsoever against or in any of the Debtor or the Acquired Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances or Interests against the Purchasers, any of its assets, property, successors or assigns or the Acquired Assets.

T.     The Debtor may sell the Acquired Assets free and clear of all Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Liens, Claims, Encumbrances and Interests and (ii) non-Debtor parties, which did not object or which withdraw their objections to the sale of the Acquired Assets and the Sale Motion are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code.  All objections to the Sale Motion have been resolved or overruled.  Those holders of Liens, Claims, Encumbrances and Interests which did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims, Encumbrances and Interests, if any, attach to the proceeds of the sale of the Acquired Assets ultimately attributable to the property against or in which they claim

or may claim any Liens, Claims, Encumbrances and Interests, with such Liens, Claims, Encumbrances and Interests being subject to treatment as may be prescribed by separate order of this Court.

U.     Not selling the Acquired Assets free and clear of all Liens, Claims, Interests and Encumbrances would adversely impact the Debtor's estate and the sale of the Acquired Assets other than one free and clear of Liens, Claims, Encumbrances and Interests would be of substantially less value to the Debtor's estate.

V.     The Debtor and the Purchaser have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1)(A), (B) and 365(f), in connection with the sale and the assumption and assignment of the Assigned Contracts. The Purchaser has demonstrated adequate assurance of future performance with respect to the Assigned Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code. The assumption and assignment of the Assigned Contracts pursuant to the terms of this Order are integral to the Asset Purchase Agreement and are in the best interest of the Debtor, its estate and creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtor.

W.     The Assigned Contracts are assignable notwithstanding any provisions contained therein to the contrary. The Debtor has provided for the cures and/or other payments or actions required under the Bankruptcy Code to assume and assign the Assigned Contracts to the Purchaser. The Purchaser has provided adequate assurance of its future performance under the Assigned Contracts and the proposed assumption and assignment of the Assigned Contracts.

X.     In the absence of a stay pending appeal, the Purchaser will be acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the transactions

contemplated by the Asset Purchase Agreement at any time on or after the entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Y.      The transactions contemplated under the Asset Purchase Agreement do not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate, and there is not substantial continuity between the Purchaser and the Debtor, there is no continuity of enterprise between the Debtor and the Purchaser, the Purchasers are not a mere continuation of the Debtor or its estate and the Purchaser does not constitute a successor to the Debtor or its estate.

Z.      The sale of the Acquired Assets outside of a chapter 11 plan pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor.  The sale does not constitute a *sub rosa* chapter 11 plan.

AA.     Pursuant to Section 12.16 of the Asset Purchase Agreement, the Debtor is providing the Purchaser with a general release of claims and the Purchaser is providing fair value for the release.

BB.     The Purchaser is a secured creditor of the Debtor, holding valid Liens, Claims, Encumbrances and Interests in and against the Debtor and its estate arising in connection with the various pre-petition loan and security agreements, as amended, and related documents, instruments and agreements and the Senior Secured Pre-Petition Credit Agreement.  The Purchaser holds allowed (the "Allowed Claim"), and was authorized to credit bid at the Auction up to the amount of the purchase price paid by the Purchaser for the outstanding obligations under the Loan Documents, plus any additional amounts advanced by the Purchaser to the

Debtor under the Cash Collateral Agreement, less any repayment of any principal amounts due under the Loan Documents.

CC. The Purchaser's credit bid pursuant to the Agreement was a valid and proper offer pursuant to the Bidding Procedures Order and sections 363(b) and 363(k) of the Bankruptcy Code.

DD. The total consideration provided by the Purchaser for the Acquired Assets is the highest and best offer received by the Debtor, and the Purchase Price constitutes (a) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession or the District of Columbia, for the Acquired Assets.

EE. Time is of the essence in consummating the Sale. In order to maximize the value of the Acquired Assets, it is essential that the sale of the Acquired Assets occur within the time constraints set forth in the Asset Purchase Agreement. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is granted, subject to the terms and conditions contained herein.

2. All objections, responses, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise scheduled by the Court for separate hearing, withdrawn, waived, settled or expressly preserved by the terms of this Order, it, and all reservations of rights contained therein,

are overruled and denied. The Court has separately set hearings to consider the Debtor's request for termination of its contracts with automobile manufactures other than Bentley Motors, Inc., Docket Number 209, and for authority to enter into a sublease with Champion Funding, LLC, Docket Number 210.

3.     Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. § 102(1) and Bankruptcy Rules 2002, 6004 and 6006 and the Bidding Procedures Order.

4.     The sale of the Acquired Assets, the terms and conditions of the Asset Purchase Agreement (including all schedules and exhibits affixed thereto), the credit bid by the Purchaser (the "Credit Bid Amount") and the transactions contemplated thereby be, and hereby are, authorized and approved.

5.     The sale of the Acquired Assets and the consideration provided by the Purchaser under the Asset Purchase Agreement, including the Credit Bid Amount, are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6.     The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code, including with respect to the transfer of the Assigned Contracts as part of the sale of the Acquired Assets pursuant to section 365 of the Bankruptcy Code and this Order.

7.     The Debtor and the Purchaser shall be, and hereby are, authorized and directed to fully assume, perform under, consummate and implement the terms of the Asset Purchase Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Asset Purchase

Agreement, this Order and the sale of the Acquired Assets contemplated thereby, including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Acquired Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Asset Purchase Agreement, without any further corporate action or orders of this Court. The Purchaser shall have no obligation to proceed with the Closing of the Asset Purchase Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived.

8.     The Debtor, the Purchaser and each other person or entity having duties or responsibilities under the Asset Purchase Agreement, any agreements related thereto or this Order, and their respective directors, officers, employees, members, agents, representatives and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Asset Purchase Agreement, to: carry out all of the provisions of the Asset Purchase Agreement and any related agreements; issue, execute, deliver, file and record, as appropriate, the documents evidencing and consummating the Asset Purchase Agreement, and any related agreements; take any and all actions contemplated by the Asset Purchase Agreement, any related agreements or this Order; and issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate and consummate the Asset Purchase Agreement, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the

Court or further action by their respective directors, officers, employees, members, agents, representatives and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives and attorneys of such entities. The secretary or any assistant secretary of the Debtor shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding and enforceable). The Debtor (or, consistent with the Asset Purchase Agreement, the Purchaser) is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements or amendments necessary or appropriate to effectuate the transactions contemplated by the Asset Purchase Agreement, any related agreements and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtor may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of New York and all other applicable business corporation, trust and other laws of the applicable governmental units with respect to the implementation and consummation of the Asset Purchase Agreement, any related agreements and this Order, and the transactions contemplated thereby and hereby.

9.     Effective as of the Closing, (a) the sale of the Acquired Assets by the Debtor to the Purchaser shall constitute a legal, valid and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any person and shall vest Purchaser with all right, title and interest of the Debtor in and to the Acquired Assets, free and clear of all Claims, Liens, Encumbrances and Interests of any kind, pursuant to section 363(f) of the Bankruptcy Code, and (b) the assumption of any Assumed Liabilities by the Purchaser shall constitute a legal, valid and effective delegation of any Assumed Liabilities to the Purchaser and shall divest the Debtor of all liability with respect to any Assumed Liabilities and (c)  the existing dealer agreement between the Debtor and Bentley Motors, Inc. dated January 12, 2009 and any predecessor and successor agreements therewith, including the Dealer Agreement with Rolls-Royce & Bentley Motor Cars, Inc. dated May 27, 2002, shall be deemed surrendered and terminated, and all rights and claims of the Debtor arising thereunder shall be deemed discharged and released, with the sole exception of any and all claims and causes of action that may arise under applicable products liability law.

10.     Except to the extent specifically provided in the Asset Purchase Agreement, upon the closing, the Debtor shall be, and hereby is, authorized, empowered, and directed, pursuant to sections 105, 363(b) and 365 of the Bankruptcy Code, to sell the Acquired Assets, including those within the Assignment and Assumption Agreement, to the Purchaser. The sale of the Acquired Assets shall vest Purchaser with all right, title and interest of the Debtor to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances and Interests and other liabilities and claims, but subject to the Assumed Liabilities, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or

unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens, Claims, Encumbrances and Interests to attach only to the proceeds of the Sale (if any) with the same priority, validity, force and effect, if any, as they now have in or against the Acquired Assets, subject to all claims and defenses the Debtor may possess with respect thereto. Following the Closing Date, no holder of any Liens, Claims, Encumbrances and Interests in the Acquired Assets shall interfere with the Purchaser's use and enjoyment of the Acquired Assets based on or related to such Liens, Claims, Encumbrances and Interests, or any actions that the Debtor may take in its chapter 11 case, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Asset Purchase Agreement or this Order.

11.     The provisions of this Order authorizing the sale of the Acquired Assets free and clear of Liens, Claims, Encumbrances and Interests, other than Assumed Liabilities, shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtor and the Purchaser, and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Asset Purchase Agreement and this Order. Moreover, effective as of the Closing, the Purchaser and its successors and assigns shall be designated and appointed the Debtor's true and lawful attorney and attorneys, with full power of substitution, in the Debtor's name and stead, on behalf and for the benefit of the Purchaser, its successors and assigns, to

demand and receive any and all of the Acquired Assets and to give receipts and releases for and in respect of the Acquired Assets, or any part thereof, and from time to time to institute and prosecute in the Debtor's name, for the benefit of the Purchaser, its successors and assigns, any and all proceedings at law, in equity or otherwise, which the Purchaser, its successors and assigns, may deem proper for the collection or reduction to possession of any of the Acquired Assets, and to do all acts and things with respect to the Acquired Assets which the Purchaser, its successors and assigns, shall deem desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by the Debtor.

12. On or before the Closing Date, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens, Claims, Encumbrances and Interests of any kind against the Acquired Assets, as such Liens, Claims, Encumbrances and Interests may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens, Claims, Encumbrances and Interests in or against the Acquired Assets shall not have delivered to the Debtor prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances and Interests that the person or entity has with respect to the Acquired Assets, the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Acquired Assets prior to the Closing, and the Purchaser is authorized to file such documents after Closing.

13. To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration and

governmental authorization or approval of the Debtor with respect to the Acquired Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Purchaser as of the Closing Date. Without limiting the generality of the foregoing, the Debtor is expressly authorized to enter into any transition documents necessary to facilitate the operations of the Purchaser under the Asset Purchase Agreement.

14.    All of the Debtor's interests in the Acquired Assets under the Asset Purchase Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Purchaser. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets acquired by the Purchaser under the Asset Purchase Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Acquired Assets to the Purchaser.

15.    Except as expressly provided in the Asset Purchase Agreement or this Order, (a) the Purchaser is not assuming; nor shall its or any affiliate thereof be in any way liable or responsible, as a successor or otherwise, for (i) any liabilities, debts or obligations of the Debtor in any way whatsoever relating to or arising from the Debtor's ownership or use of the Acquired Assets prior to the consummation of the transactions contemplated by the Asset Purchase Agreement, or (ii) any liabilities calculable by reference to the Debtor or its operations or the Acquired Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement or this Order, unless otherwise expressly provided for in the Asset Purchase Agreement. Except as expressly provided in the Asset Purchase Agreement or this Order, all such liabilities, debts and obligations

are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Purchaser or any affiliate of the Purchaser.

16.     Except as otherwise provided in the Asset Purchase Agreement or the Schedules thereto, on the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Liens, Claims, Encumbrances and Interests against the Acquired Assets, if any, as may have been recorded or may otherwise exist.

17.     Except as otherwise expressly provided in the Asset Purchase Agreement, all persons or entities, presently or on or after the Closing Date, in possession of some or all of the Acquired Assets are directed to surrender possession of the Acquired Assets to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request.

18.     The Assignment and Assumption Agreement is valid and binding, in full force and effect, and enforceable in accordance with its terms.

19.     Subject to the terms of the Asset Purchase Agreement, the Assignment and Assumption Agreement and the occurrence of the Closing Date, the assumption by the Debtor of the Assigned Contracts and the sale and assignment of such agreements to the Purchaser, as provided for or contemplated by the Asset Purchase Agreement, shall be, and hereby is, authorized and approved pursuant to sections 363 and 365 of the Bankruptcy Code.

20.     The Assigned Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtor and sold and assigned to the Purchaser at the Closing, pursuant to sections 363 and 365 of the Bankruptcy Code, subject only to (a) the payment of all cure amounts and/or other payments or actions required under the Bankruptcy Code to assume and assign the Assigned Contracts to the Purchaser, and (b) the Purchaser's right

to exclude certain Assignable Contracts from the definition of Assigned Contracts in accordance with the terms of the Asset Purchase Agreement.

21.     Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title and interest of each Assigned Contract.  The Debtor shall cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

22.     Pursuant to sections 365(b)(l)(A) and (B) of the Bankruptcy Code, and except as otherwise provided in this Order, or as agreed by the Purchaser and non-Debtor parties to the Assigned Contracts, the Purchaser shall promptly pay or cause to be paid to the parties to any Assigned Contracts the requisite cure amounts (the "Cure Amounts") under section 365 of the Bankruptcy Code, if any, set forth in the notice (the "Assumption and Assignment Notice") served by the Debtor, in accordance with the Bidding Procedures and the Bidding Procedures Order, and substantially in the form attached to the Bidding Procedures Order as Exhibit D, on each of the non-Debtor parties to the Assigned Contracts, except to the extent that a Cure Amount was amended on the record of the Sale Hearing or by other agreement between the parties, upon the assumption and assignment thereof.  The Cure Amounts are hereby fixed at the amounts set forth in the Assumption and Assignment Notice, or the amounts set forth on the record of the Sale Hearing or by other agreement between the parties, as the case may be, and the non-Debtor parties to the Assigned Contracts are forever bound by such Cure Amounts.

23.     All defaults or other obligations under the Assigned Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by payment of the Cure Amounts.

24.     Any provision in any Assigned Contract that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtor, or that purports to declare a breach, default or payment right as a result of the solvency or financial condition of any guarantor, is unenforceable, and all Assigned Contracts shall remain in full force and effect, subject only to payment of the appropriate Cure Amount, if any.  No sections or provisions of any Assigned Contract that purports to declare a breach, default or payment right or that purports to provide for additional payments, penalties, charges or other financial accommodations in favor of the non-Debtor parties to the Assigned Contracts shall have any force and effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code and no assignment of any Assigned Contract pursuant to the terms of the Asset Purchase Agreement shall in any respect constitute a default under any Assigned Contract.  The non-Debtor party to each Assigned Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Purchaser shall enjoy all of the rights and benefits under each such Assigned Contract as of the applicable date of assumption without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

25.     The Purchaser has satisfied all requirements under section 365(b)(1) and 365(f)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Assigned Contracts.

26.     The Debtor and its estate shall be relieved of any liability for any breach of any of the Assigned Contracts occurring from and after Closing, pursuant to and in accordance with section 365(k) of the Bankruptcy Code.

27.     Each and every federal, state, and local governmental agency or department shall accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and this Order.

28.     The Purchaser has not assumed or is otherwise not obligated for any of the Debtor's liabilities other than the Assumed Liabilities as set forth in the Asset Purchase Agreement or this Order, and the Purchaser has not purchased any of the Excluded Assets. Consequently, all persons, governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code) and all holders of Liens, Claims, Encumbrances and Interests based upon or arising out of liabilities retained by the Debtor are hereby prohibited from taking any action against the Purchaser or the Acquired Assets to recover any Liens, Claims, Encumbrances and Interests on account of any liabilities of the Debtor other than Assumed Liabilities pursuant to the Asset Purchase Agreement. All persons holding or asserting any Liens, Claims, Encumbrances and Interests in the Excluded Assets are hereby prohibited from asserting or prosecuting such Liens, Claims, Encumbrances and Interests or any causes of action against the Purchaser or the Acquired Assets for any liability associated with the Excluded Assets.

29.     The Purchaser is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability or similar liability except as otherwise expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities.

30. The general release set forth in paragraph 12.16 of the Asset Purchase Agreement is approved in its entirety.

31. Subject to the terms of the Asset Purchase Agreement, the Asset Purchase Agreement and any related agreements may be waived, modified, amended or supplemented by agreement of the Debtor and the Purchaser, without further action or order of the Court; provided, however, that any such waiver, modification, amendment or supplement is not material and substantially conforms to, and effectuates, the Asset Purchase Agreement and any related agreements.

32. The failure specifically to include any particular provisions of the Asset Purchase Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court, the Debtor and the Purchaser that the Asset Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

33. To the extent any provisions of this Order conflict with the terms and conditions of the Asset Purchase Agreement, this Order shall govern and control.

34. The provisions of this Order are non-severable and mutually dependent.

35. Nothing in any order of this Court or contained in any chapter 11 plan in this chapter 11 case, or in any subsequent or converted case of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Order.

36. Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Purchaser are free to close under the Asset Purchase Agreement at any time, subject to the terms of the Asset Purchase Agreement. In the absence of any person or entity obtaining a stay pending appeal, if the Debtor and the Purchaser close under the Asset Purchase Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Asset Purchase Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

37.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Bidding Procedures Order and the Asset Purchase Agreement in all respects and to decide any disputes thereunder, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Asset Purchase Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Acquired Assets and any Assigned Contracts and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens, Claims, Encumbrances and Interests.



Dated: January 25, 2010
          Central Islip, New York

_____
          **Alan S. Trust**
**United States Bankruptcy Judge**