UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| CHAMPION MOTOR GROUP, INC., | Chapter 11<br>Case No. 8-09-71979 (AST) |
| Debtor. | |

**ORDER AMENDING ORDER (A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S ASSETS; (B) APPROVING FORM OF ASSET PURCHASE AGREEMENT; (C) SCHEDULING AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE; (D) APPROVING PROCEDURES RELATED TO ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (F) GRANTING RELATED RELIEF**

Debtor(the "Debtor") filed a Motion[1] for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) (i) approving certain bidding procedures (the "Bidding Procedures") in connection with the Debtor's sale (the "Sale") of certain of its assets (as described more fully in the Motion and in the Asset Purchase Agreement, the "Acquired Assets"), (ii) approving the form of the asset purchase agreement (the "Asset Purchase Agreement") in connection with the Sale, substantially in the form attached as Exhibit 3 to the Motion, by and between Debtor Champion Motor Group. and Champion Funding, together with its designee (the "Purchaser") (iii) scheduling an auction (the "Auction") in connection with, and hearing (the "Sale Hearing") to consider approval of, the Sale, (iv) approving certain procedures (the "Cure Procedures") related to the assumption of certain executory contracts and unexpired leases, (v) approving the

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the Bidding Procedures (as defined below), as appropriate.

form and manner of notice with respect to the foregoing and (vi) granting certain related relief and having considered any and all responses and objections to the Motion.  A hearing thereon was held, at which the Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors and other parties in interest, to the extent approved by an Order  (A) Approving Procedures In Connection With Sale of Debtor's Assets; (B) Approving Form of Asset Purchase Agreement;  (C) Scheduling Auction And Hearing To Consider Approval Of Sale; (D) Approving Procedures Related To Assumption of Certain Executory Contracts and Unexpired Leases; (E) Approving Form and Manner of Notice Thereof; and (F) Granting Related Relief, entered  December 18, 2009 (the "Bid Procedures Order"). [dkt item 191]  Subsequent thereto,  the Court entered An Order Pursuant To Sections 105(A), 363 and 365 of The Bankruptcy Code and Bankruptcy Rules 6004 and 6006  (I) Authorizing Sale of Debtor's Assets Pursuant To Asset Purchase Agreement, Free and Clear of All Liens, Claims, Encumbrances and Other Interests; (II) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief (the "Sale Order"). [dkt item 213]

On January 21, 2010, Debtor filed a Motion for Authority to Enter into Sublease with Champion Funding, LLC and to Shorten Notice (the "Sublease Motion"). [dkt item 210]  A hearing thereon was held on January 29, 2010, at which time this Court determined, *inter alia*, that the Motion would not be granted on the terms requested, but that Debtor would be authorized to enter into a seven (7)-month sublease with the successful purchaser of Debtor's assets, but that, for Debtor to accomplish same, the sale requirements as set out in the Bid Procedures Order would need to be modified.

IT IS THEREFORE ORDERED THAT:[2]

1. The relief requested in the Motion is granted to the extent set forth herein.

2. The Bidding Procedures attached hereto as Exhibit A are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed sale of the Acquired Assets; provided, however, that the terms of the Agreement shall remain subject to approval by the Court at the Sale Hearing. The Debtor is authorized to take any and all actions necessary to implement the Bidding Procedures.

3. All responses or objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court have been overruled or resolved by this Order.

4. A Qualified Bidder that desires to make a Bid shall deliver written copies of its bid to the following parties: (a) the Debtor, Champion Motor Group, 115 South Service Road, Jericho, New York 11753 (Attn: Kevin Buxbaum); (b) counsel to the Debtor, Robinson Brog Leinwand Greene Genovese & Gluck P.C., 1345 Avenue of the Americas, 31st Floor, New York, New York 10105 (Attn: Robert Leinwand, Esquire); (c) counsel to the Purchaser, Olshan Grundman Frome Rosenzweig & Wolosky LLP, 65 East 55th Street, New York, NY 10022 (Attn: Michael Fox, Esquire), (d) counsel to Bentley Motors, Inc., Barack Ferrazzano Kirschbaum & Nagelberg LLP 200 W. Madison St., Suite 3900 Chicago, IL 60606 (Attn: Janice Alwin, Esq.), and (e) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Stan Yang, Esq.), not later than **10:00 a.m. (Eastern Time) on March 3, 2010 ,** and shall comply with the requirements set forth in the Bidding Procedures for making such bid.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

5. The Debtor shall have the right to reject any and all bids that it believes in its reasonable discretion do not comply with the Bidding Procedures, or as the Court may otherwise order. The Purchaser's Bid as embodied in the Asset Purchase Agreement is deemed to be a Qualified Bid.

6. As further described in the Bidding Procedures, if a Qualified Bid other than Purchaser's Bid is timely received, the Auction will be held on **March 5, 2010, at 2:00 p.m. (Eastern Time)**, and the Debtor shall notify the Bidding Notice Parties and all Qualified Bidders which have submitted a Qualified Bid and expressed their intent to participate in the Auction as to the time and place of the Auction designated by the Debtor not later than **10:00 a.m. (Eastern Time) on March 4, 2010**.

7. The Purchaser is authorized to credit bid at the Auction, pursuant to section 363(k) of the Bankruptcy Code, up to the amount of the purchase price paid by the Purchaser for the outstanding obligations under the Loan Documents, plus any additional amounts advanced by the Purchaser to the Debtor under the Cash Collateral Agreement, less any repayment of any principal amounts due under the Loan Documents.

8. On or before **February 8, 2010**, the Debtor will cause this Order and the Amended Bidding Procedures, in the form attached hereto, to be sent by first-class mail postage prepaid to: (a) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Stan Yang, Esq.); (b) counsel to the Debtor's senior secured lender; (c) the parties included on the Debtor's consolidated list of twenty (20) creditors holding the largest unsecured claims; (d) all parties which, to the best of the Debtor's knowledge, information and belief, have asserted a lien or security interest against any of the Acquired Assets; (e) all taxing authorities or recording

offices which have a reasonably known interest in relief requested in the Motion; (f) all non-Debtor parties to the Assumed Contracts and Non-Assigned Contracts; (g) the Debtor's known creditors and interest holders; and (h) all parties requesting notice pursuant to Local Rule 2002-1(d).  In addition, on or before **February 8, 2010**, the Debtor will cause this Order and the Amended the Bidding Procedures attached hereto, to be sent by first-class mail postage prepaid to  (i) any party which, to the best of the Debtor's knowledge, information and belief, has, on or after January 1, 2008, expressed to the Debtor an interest in buying its business and/or making a significant equity investment in Debtor, and  which the Debtor and its representatives reasonably and in good faith believe potentially have the financial wherewithal to effectuate the transactions contemplated by the Motion;  (ii) any party which, to the best of the Debtor's knowledge, information and belief, has, on or after January 1, 2008, expressed to Manufacturers and Traders Trust Company("M&T") an interest in acquiring the debts owed by Debtor to M&T; and (iii) any party who expressed an interest in possibly participating in the auction process after receipt of the Bid Procedures Order.

9. On or before **February 8, 2010**, the Debtor shall cause the Publication Notice, in substantially the form attached hereto as Exhibit B, to be published through the website of the Financial Times of London under the category of businesses for sale (http://www.businessesforsale.com/ft).  Such Publication Notice shall be sufficient and proper notice to any other interested parties, including those whose identities are unknown to the Debtor.

10. The Sale Hearing shall be held before this Court on **March 10, 2010, at 11:00 a.m. (Eastern Time)** at the United States Bankruptcy Court, 290 Federal Plaza, court room 960, Central Islip, New York 11722.  The Sale Hearing may be adjourned, from time to

time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

11. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

12. As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. **The Bid Procedures Order is not otherwise modified.**

15. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bidding Procedures.



**Dated: February 1, 2010
Central Islip, New York**

_____
**Alan S. Trust
United States Bankruptcy Judge**

**EXHIBIT A TO BIDDING PROCEDURES ORDER**

Bidding Procedures

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

In re:

CHAMPION MOTOR GROUP, INC.,

Debtor.

Chapter 11

Case No. 8-09-71979 (AST)

# AMENDED BIDDING PROCEDURES

The above captioned debtor and debtor in possession (the "Debtor") has filed a chapter 11 case pending in the Bankruptcy Court[1] under Case No. 8-09-71979 (AST). By motion dated December 1, 2009 (the "Motion"), the Debtor sought, among other things, approval of the process and procedures set forth below (the "Bidding Procedures") through which it will determine the highest, best or otherwise financially superior offer for substantially all of its assets (the "Acquired Assets"). On December 18, 2009, the Bankruptcy Court entered its order (the "Bid Procedures Order"), which, among other things, approved the Bidding Procedures. On February 1, 2010, the Bankruptcy Court entered its Order Amending the Bidding Procedures Order, which, among other things, approved amended Bidding Procedures (the "Amended Bid Procedures Order").

On March 10, 2010 as further described below, the Bankruptcy Court shall conduct the Sale Hearing at which the Debtor shall seek entry of the order (the "Sale Order") authorizing and approving the sale of the Acquired Assets (the "Proposed Sale") to the Purchaser (as defined below) or to one or more other Qualified Bidders (defined below) that the Debtor, in its reasonable discretion or as otherwise ordered by the Court, determines to have made the highest, best or otherwise financially superior offer.

*Agreement*

On December 1, 2009, the Debtor entered into an asset purchase agreement (the "Agreement," a copy of which is attached to the Motion as Exhibit A) with Champion Funding LLC, together with its designee, (the "Purchaser"), pursuant to which the Purchaser proposes to acquire the Acquired Assets. Pursuant to the Agreement, the Purchaser would provide consideration for the Acquired Assets equal to that contained in Section 3.1 of the Agreement (the "Purchase Price"). Such Purchase Price will be in the form of a credit bid, under section 363(k) of the Bankruptcy Code, up to the amount of the purchase price paid by the Purchaser for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement (defined below).

the outstanding obligations under the Loan Documents, plus any additional amounts advanced by the Purchaser to the Debtor under the Cash Collateral Agreement, less any repayment of any principal amounts due under the Loan Documents. The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein, and approval by the Bankruptcy Court pursuant to sections 363 and 365 of the Bankruptcy Code.

*Assets for Sale*

The Debtor is offering for sale in one transaction all or substantially all of its assets. The assets for sale do not include the Excluded Assets.

*Participation Requirements*

To participate in the bidding process or to otherwise be considered for any purpose hereunder, a person interested in all or portions of the Acquired Assets (a "Potential Bidder") must first deliver (unless previously delivered) to the Debtor and its counsel by ***12:00 noon (Eastern Time) on February 26, 2010*** :

1. Confidentiality Agreement. An executed confidentiality agreement in form and substance reasonably acceptable to the Debtor and its counsel, or as the Bankruptcy Court may otherwise order;

2. Identification of Potential Bidder. Identification of the Potential Bidder and any Principals (defined below), and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction;[2] and

*Designation as Qualified Bidder*

A "Qualified Bidder" is a Potential Bidder (or combination of Potential Bidders whose bids for the assets of the Debtor do not overlap and who agree to have their bids combined for purposes of the determination of whether such Potential Bidders together constitute a Qualified Bidder, and who shall also be referred to herein as a single Qualified Bidder) that delivers the documents described in subparagraphs (a) and (b) below, and that the Debtor in its reasonable discretion and with assistance from its advisors determine is reasonably likely to submit a *bona fide* offer that would result in greater cash value being received for the benefit of the Debtor's creditors than under the Agreement and to be able to consummate a sale if selected as a Successful Bidder (defined below).

    (a) Corporate Authority. Within three (3) days prior to the Bid Deadline (defined below), written evidence of the Potential Bidder's chief executive officer or other appropriate senior executive's approval of the contemplated transaction; provided, however, that, if the Potential Bidder is an entity specially formed for the purpose

---

[2] An interested party need not be a Qualified Bidder to access the data room, but must submit the confidentiality agreement and must comply with the identification requirements.

of effectuating the contemplated transaction, then the Potential Bidder must furnish written evidence reasonably acceptable to the Debtor of the approval of the contemplated transaction by the equity holder(s) of such Potential Bidder (the "Principals"); and

(b) *Proof of Financial Ability to Perform*. Within three (3) days prior to the Bid Deadline (defined below), written evidence that the Debtor reasonably concludes demonstrates the Potential Bidder has the necessary financial ability to close the contemplated transaction and provide adequate assurance of future performance under all contracts to be assumed in such contemplated transaction. Such information should include, *inter alia*, the following:

i. the Potential Bidder's current financial statements (audited if they exist);

ii. contact names and numbers for verification of financing sources;

iii. evidence of the Potential Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the contemplated transaction; and

any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Potential Bidder has the ability to close the contemplated transaction; provided, however, that the Debtor shall determine, in its reasonable discretion, in consultation with the Debtor's advisors, or as the Bankruptcy Court may otherwise order, whether the written evidence of such financial wherewithal is reasonably acceptable, and shall not unreasonably withhold acceptance of a Potential Bidder's financial qualifications.

Upon the receipt from a Potential Bidder of the information required under subparagraphs (a)-(d) above, the Debtor, as soon as is practicable, shall determine and notify the Potential Bidder with respect to whether such Potential Bidder is a Qualified Bidder.

The Purchaser shall be deemed a Qualified Bidder.

*Access to Due Diligence Materials*

After entry of the Bidding Procedures Order, only Potential Bidders that comply with the Participation Requirements are eligible to receive due diligence access or additional non-public information. If the Debtor determines that a Potential Bidder that has satisfied the Participation Requirements does not constitute a Qualified Bidder, then such Potential Bidder's right to receive due diligence access or additional non-public information shall terminate. The Debtor will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such Qualified Bidders. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (as hereinafter defined). The Debtor is not responsible for, and will bear no liability with respect to, any information obtained by Qualified Bidders in connection with the sale of the Acquired Assets.

If the Debtor furnishes any information related to the Debtor not theretofore given to Purchasers, then the Debtor shall make such information available to Purchaser and each Qualified Bidder.

If a Potential Bidder disagrees with the Debtor's determination that it is not a Qualified Bidder, the Potential Bidder may submit a written objection (the "Potential Bidder Objection") to the Court on or before **March 4, 2010, at 6:00 p.m** .(**Eastern Time**), stating such objection, and must simultaneously serve such objection upon the Bidding Notice Parties. The Court will conduct a telephonic hearing on **March 5, 2010, at 10:00 a.m.** .(**Eastern Time**) with respect to any Potential Bidder Objections.

*Due Diligence From Bidders*

Each Potential Bidder and Qualified Bidder (collectively, a "Bidder") shall comply with all reasonable requests for additional information and due diligence access by the Debtor or its advisors regarding such Bidder and its contemplated transaction. Failure by a Potential Bidder to comply with requests for additional information and due diligence access will be a basis for the Debtor to determine that the Potential Bidder is not a Qualified Bidder. Failure by a Qualified Bidder to comply with requests for additional information and due diligence access will be a basis for the Debtor to determine that a bid made by a Qualified Bidder is not a Qualified Bid.

**Bidding Process**

The Debtor and its advisors, shall in their reasonable discretion, or as otherwise Ordered by the Bankruptcy Court: (i) determine whether a Potential Bidder is a Qualified Bidder; (ii) coordinate the efforts of Bidders in conducting their due diligence investigations, as permitted by the provisions, above; (iii) receive offers from Qualified Bidders; and (iv) negotiate any offers made to purchase the Acquired Assets (collectively, the "Bidding Process"). The Debtor shall have the right to adopt such other rules for the Bidding Process (including rules that may depart from those set forth herein) that will better promote the goals of the Bidding Process and that are not inconsistent with any of the other provisions hereof or of any Bankruptcy Court order.

*Bid Deadline*

**The deadline for submitting bids by a Qualified Bidder shall be *10:00 a.m. (Eastern Time) on March 3, 2010* (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make an offer, solicitation or proposal (a "Bid") shall deliver written copies of its all cash bid to: (i) the Debtor; (ii) counsel to the Debtor; and (iii); the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Stan Yang, Esq., (collectively, the "Bidding Notice Parties") by the Bid Deadline.

A Bid received after the Bid Deadline shall not constitute a Qualified Bid.

*Bid Requirements*

To be eligible to participate in the Auction, each Bid and each Qualified Bidder submitting such a Bid must be determined by the Debtor to satisfy each of the following conditions:

1. Good Faith Deposit. Each Bid must be accompanied by a deposit (the "Good Faith Deposit") in the form of a certified check or cash payable to the order of the Debtor in an amount equal to **$100,000**.

2. **Minimum Overbid. The consideration proposed by the Bid can include only cash. The aggregate consideration must equal or exceed the sum of Nine Million One Hundred Thousand Dollars ($9,100,000), plus the agreement to pay the Assumed Liabilities and the Cure Amounts as further described in Section 3.1 of the Agreement under the definition of Purchase Price.**

3. Irrevocable. A Bid must be irrevocable until two (2) business days after the Acquired Assets have been sold pursuant to the Closing of the sale or sales approved by the Bankruptcy Court (the "Termination Date").

4. The Same or Better Terms: The Bid must be on terms that, in the Debtor's business judgment are substantially the same or better than the terms of the Agreement. A Bid must include executed transaction documents pursuant to which the Qualified Bidder proposes to effectuate the contemplated transaction (the "Contemplated Transaction Documents"). A Bid shall include a copy of the Agreement marked to show all changes requested by the Bidder (including those related to Purchase Price). The Contemplated Transaction Documents must include a commitment to close by the Termination Date. A Bid should propose a contemplated transaction involving all of the Acquired Assets.

5. Contingencies: A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence.

6. Financing Sources: A Bid must contain written evidence of a commitment for financing or other evidence of the ability to consummate the sale satisfactory to the Debtor with appropriate contact information for such financing sources.

7. No Fees Payable to Qualified Bidder: A Bid may not request or entitle the Qualified Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment. Moreover, by submitting a Bid, a Bidder shall be deemed to waive the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related

in any way to the submission of its Bid or the Bidding Procedures.

A Bid received from a Qualified Bidder before the Bid Deadline that meets the above requirements, and that satisfies the Bid Deadline requirement above, shall constitute a "Qualified Bid," if the Debtor believes, in its reasonable discretion, or as the Bankruptcy Court may otherwise order, that such bid would be consummated if selected as the Successful Bid. For purposes hereof, the Agreement shall constitute a Qualified Bid.

In the event that any Potential Bidder is determined by the Debtor not to be a Qualified Bidder, the Potential Bidder shall be refunded its deposit and all accumulated interest thereon prior to the Auction.

**Any Potential Bidder wishing to assume any of the Debtor's contracts on the Non-Assigned Contract list must inform the Debtor, in writing, by 10:00 a.m. (Eastern Time) on March 3, 2010, of its desire to do so.**

### Auction

Only if a Qualified Bid (other than Purchaser's) is received by the Bid Deadline, shall the Debtor conduct an auction (the "Auction") to determine the highest and best bid with respect to the Acquired Assets. The Auction shall commence on **March 5, 2010 at 2:00 p.m. (Eastern Time) at** the offices of Debtor's counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., 1345 Avenue of the Americas, 31st Floor, New York, New York 10105, and any changes to the time and location of the Auction will either be filed with the Court or announced at the Auction. The Auction will be conducted openly and all creditors will be permitted to attend.

No later than the commencement of the Auction, the Debtor will notify all Qualified Bidders of (i) the highest, best and otherwise financially superior Qualified Bid, as determined in the Debtor's reasonable discretion, or as otherwise ordered by the Court (the "Baseline Bid") and (ii) the time and place of the Auction, and provide copies of all submitted bids to all Qualified Bidders.

If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held, Purchaser will be the Successful Bidder, the Agreement will be the Successful Bid, and, at the Sale Hearing, the Debtor will seek approval of and authority to consummate the Proposed Sale contemplated by the Agreement.

The Auction shall be conducted according to the following procedures:

1. Participation at the Auction

Only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. Only the authorized representative of each of the Qualified Bidders and the Debtor shall be permitted to participate. Each Qualified Bidder will be required to confirm that it has not engaged in any collusion with respect to the Auction or the Proposed Sale.

During the Auction, bidding shall begin initially with the highest Baseline Bid and subsequently continue in minimum increments of at least $50,000. Other than otherwise set forth herein, the Debtor may conduct the Auction in the manner they determine will result in the highest, best or otherwise financially superior offer for the Acquired Assets.

2. The Debtor Shall Conduct the Auction

The Debtor and its professionals shall direct and preside over the Auction. At the start of the Auction the Debtor shall describe the terms of the Baseline Bid. The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factors the Debtor reasonably deem relevant to the value of the Qualified Bid to the estate, including, *inter alia,* the following: (A) the amount and nature of the consideration; (B) the proposed assumption of any liabilities, if any; (C) the ability of the Qualified Bidder to close the proposed transaction; (D) the proposed Closing Date and the likelihood, extent and impact of any potential delays in Closing; (E) any purchase price adjustments; (F) the impact of the contemplated transaction on any actual or potential litigation; (G) the net economic effect of any changes from the Agreement, if any, contemplated by the Contemplated Transaction Documents, and (H) the net after-tax consideration to be received by the Debtor's estate (collectively, the "Bid Assessment Criteria"). All Bids made thereafter shall be Overbids (as defined below), and shall be made and received on an open basis, and all material terms of each Bid shall be fully disclosed to all other Qualified Bidders. The Debtor shall maintain a transcript or videotape of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids and the Successful Bid.

3. Terms of Overbids

An "Overbid" is any bid made at the Auction subsequent to the Debtor's announcement of the Baseline Bid. To submit an Overbid for purposes of this Auction, a Qualified Bidder must comply with the following conditions:

i. Minimum Overbid Increment

Any Overbid after the Baseline Bid shall be made in increments of at least $50,000. Additional consideration in excess of the amount set forth in the Baseline Bid may include only cash; provided, however, notwithstanding the foregoing, any Overbid by the Purchaser may be a credit bid under section 363(k) of the Bankruptcy Code; provided, however, that the Purchaser can credit bid some or all of its claims, up to the amount of the purchase price paid by the Purchaser for the outstanding obligations under the Loan Documents, plus any additional amounts advanced by the Purchaser to the Debtor under the Cash Collateral Agreement, less any repayment of any principal amounts due under the Loan Documents.

ii. Remaining Terms are the Same as for Qualified Bids

Except as modified herein, an Overbid must comply with the conditions for a Qualified Bid set forth above, provided, however, that the Bid Deadline and the Initial Minimum Overbid Increment shall not apply. Any Overbid made by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless (i) the Debtor accepts a higher Qualified Bid as an Overbid and (ii) such Overbid is not selected as the Back-up Bid (as defined below).

To the extent not previously provided (which shall be determined by the Debtor), a Qualified Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor, or as the Bankruptcy Court may otherwise order) demonstrating such Qualified Bidder's ability to close the transaction proposed by such Overbid.

      iii.     Announcing Overbids

The Debtor shall announce at the Auction the material terms of each Overbid, the basis for calculating the total consideration offered in each such Overbid, and the resulting benefit to the Debtor's estate based on, *inter alia*, the Bid Assessment Criteria.

      iv.     Consideration of Overbids

The Debtor reserves the right, in its reasonable business judgment or as the Bankruptcy Court may otherwise order, to make one or more adjournments in the Auction to, among other things: facilitate discussions between the Debtor and individual Qualified Bidders; allow individual Qualified Bidders to consider how they wish to proceed; and give Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor in its reasonable business judgment may require, that the Qualified Bidder (other than the Purchaser) has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount.

    4.     <u>Additional Procedures</u>

The Debtor may adopt rules for the Auction at or prior to the Auction that, in its reasonable discretion, will promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order, <u>provided</u>, <u>however</u>, that the Terms of the Overbids shall not be modified without the Purchaser's consent if a subsequent bid, including the Overbid amount, is not sufficient to satisfy all of the Purchaser's claims and outstanding obligations under the Loan Documents. All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder (i.e., the principals submitting the Bid) shall be fully disclosed to all other Qualified Bidders and that all material terms of each Qualified Bid will be fully disclosed to all other Qualified Bidders throughout the entire Auction.

    5.     <u>Consent to Jurisdiction as Condition to Bidding</u>

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Bidder's Contemplated Transaction Documents, as applicable.

6. Closing the Auction

Upon conclusion of the bidding, the Auction shall be closed, and the Debtor shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) immediately identify the highest, best or otherwise financially superior offer for the Acquired Assets (the "Successful Bid") and the entity or entities submitting such Successful Bid, the "Successful Bidder"), which highest, best or otherwise financially superior offer will provide the greatest amount of net value to the Debtor, and the next highest or otherwise best offer after the Successful Bid (the "Back-up Bid"), and advise the Qualified Bidder of such determination (the "Back-up Bidder"). If the Purchaser's final bid is deemed to be highest and best at the conclusion of the Auction, Purchaser will be the Successful Bidder, and such bid, the Successful Bid. If the Purchaser is not the Successful Bidder, the Purchaser's final bid shall only be a binding Back-up Bid if the Purchaser submits a bid at the Auction that is higher and better than their bid as set forth in the Agreement. Prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.

**On or before *March 9, 2010, at 10:00 a.m. (Eastern Time)*, the Debtor shall file a notice with the Court advising the Court of the Successful Bidder at the Auction and the Back-up Bidder.**

### Acceptance of Successful Bid

The Debtor shall sell the Acquired Assets to the Successful Bidder upon the approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtor's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtor's acceptance of the bid. The Debtor will be deemed to have accepted a Bid only when the Bid has been approved by the Bankruptcy Court at the Sale Hearing. All interested parties reserve their right to object to the Debtor's selection of the Successful Bidder (including the assignment of any of such objector's Assumed Executory Contract thereto, provided, however, that any objection to such assignment on the basis of the Cure Amount must be made and/or reserved as set forth in the order approving these Bidding Procedures).

### Free Of Any And All Interests

Except as otherwise provided in the Agreement or another Successful Bidder's purchase agreement, all of Debtor's right, title and interest in and to the Acquired Assets subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") in accordance with section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Acquired Assets

**Condition of Sale**

**Pursuant to approval of the Court, the Successful Bidder shall have the ability to operate the Acquired Assets from the Debtor's current premises for a period of seven (7) months following the Closing of the sale.**

**Sale Hearing**

The Sale Hearing shall be conducted by the Bankruptcy Court **March 10, 2010 at 11:00 a.m. (Eastern Time)** at the United States Bankruptcy Court, 290 Federal Plaza, court room 960, Central Islip, New York 11722. Following the approval of the sale of the Acquired Assets to the Successful Bidder at the Sale Hearing, if such Successful Bidder fail to consummate an approved sale by **March 15, 2010**, after entry of an Order approving the Sale, the Debtor shall be authorized, but not required, to deem the Back-up Bid, as disclosed at the Sale Hearing, the Successful Bid, and the Debtor shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such Bid without further order of the Bankruptcy Court.

**Return of Good Faith Deposit**

Good Faith Deposits of the Successful Bidder shall be applied to the purchase price of such transaction at Closing. Good Faith Deposits of all other Qualified Bidders shall be held in an interest-bearing escrow account and, with the exception of the Back-up Bidder, the Good Faith Deposit of all other Qualified Bidders shall be returned to the respective bidders within two (2) days after the Auction. The Good Faith Deposit of the Back-Up Bidder shall be returned within three (3) days after Closing of the transactions contemplated by the Successful Bid. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtor shall be entitled to retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by the Successful Bidder.

**Failure to Consummate Sale**

If the Auction is conducted, the Back-up Bidder shall keep the Back-up Bid open and irrevocable until 5:00 p.m. (ET) on the first business day following the Closing of the Sale with the Successful Bidder.

Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder's bid will be deemed to be the new Successful Bid, and the Debtor will be authorized, but not required, to consummate the sale with the Back-up Bidder without further order of the Court upon at least 24 hours' notice to the Notice Parties. In such case, the Successful Bidder's deposit shall be forfeited to the Debtor as damages and the Debtor specifically reserves all right to seek all available damages from the defaulting Successful Bidder.

## **Modifications**

The Bidding Procedures may not be modified except as ordered by the Bankruptcy Court.

The Debtor, may, in its reasonable discretion (a) determine, which Qualified Bid, if any, is the highest, best or otherwise financially superior offer; and (b) reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interest of the Debtor, its estate and creditors.

At or before the Sale Hearing, the Debtor may impose such other terms and conditions as the Debtor may reasonably determine to be in conformity with the Bankruptcy Court's Bid Procedures Order and in the best interest of the Debtor's estate, its creditors and other parties in interest.